Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000331
04-OCT-2018
07:56 AM

NO. CAAP-18-0000331

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EVELYN OHAI FERNANDES, Individually and in her
capacity as Trustee of the WILLIAM ERNEST FERNANDES
and EVELYN OHAI FERNANDES REVOCABLE LIVING TRUST
AGREEMENT DATED JULY 1, 1998,
Plaintiff/Counterclaim-Defendant/Appellee
v.
D. NAPUA LAW, aka DEBORAH NAPUA LAW,
Defendant/Cross-Claim Plaintiff/Appellant,
and
PUANANI P. HURLEY WATAOKA, aka PUANANI PI'ILEHUA
HURLEY-WATAOKA, KAWEHI K. HURLEY ANAMA, aka
KAWEHIKULANI SHEANOAH ANAMA, JARED W. LAW, aka
JARED WAYNE KALANI LAW, JONATHAN K. LAW, aka
JONATHAN LEGRANDE KIMO LAW, ERIN P. LAW PEREZ, aka
ERIN PUALANI PEREZ, JAIME M. LAW MAGALOGO, aka
JAIME LEE NAPUA MAGALOGO, and JENNA M. LAW, aka
JENNA MEGHAN PI'ILEHUA BRIGHT,
Defendants/Cross-Claim Defendants/Cross-Claim
Plaintiffs/Appellants,
and
JOHN M.K. FERNANDES-SALLING, aka
JOHN MICHAEL KAINOA FERNANDES-SALLING,
Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/
Cross-Claim Defendant/Appellee,
and
W.A. LEHUA FERNANDES-SALLING, aka
WANDA ALICE LEHUA FERNANDES-SALLING,
Defendant/Cross-Claim Defendant/Appellee,
and

A.J. MAILE FERNANDES, aka A. MAILE FERNANDES, aka
AUDREY JESSIE MAILE FERNANDES, W.E. KIMO FERNANDES, aka
WILLIAM ERNEST KIMO FERNANDES, KEPA M. FERNANDES, aka
KEPA K. FERNANDES, aka KEPA KEAHI MATTHEW SING KET FERNANDES,
KALAUO KALANI P. HURLEY, aka KALAUOKALANI PAUL SHERMAN HURLEY,
BREE L. CHUN, aka BREE LISETTE KALEILEHUA CHUN, BENJAMIN B.
FERNANDES, aka BENJAMIN BRAGA JON BONG OPAEKA'A FERNANDES,
W. KIHEI FERNANDES, aka WILLIAM KIHEI KAHO'IWAI O MANOA
NOTLEY FERNANDES, and NAINOA L. FERNANDES, aka
NAINOA LAIRD KIMO FERNANDES,
Defendants/Cross-Claim Defendants/Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 15-1-0010)


ORDER GRANTING JUNE 22, 2018 MOTION TO DISMISS APPELLATE COURT
CASE NUMBER CAAP-18-0000331 FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of (1) Defendant/Counterclaim-Plaintiff/
Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee John M.K.
Fernandes-Salling, aka John Michael Kainoa Fernandes-Salling's
(John Fernandes-Salling), June 22, 2018 motion to dismiss
appellate court case number CAAP-18-0000331 for lack of appellate
jurisdiction, (2) the June 27, 2018 memorandum by Defendant/
Cross-Claim Plaintiff/Appellant D. Napua Law, aka Deborah Napua
Law, and Defendants/Cross-Claim Defendants/Cross-Claim
Plaintiffs/Appellants Puanani P. Hurley Wataoka, aka Puanani
Pi'ilehua Hurley-Wataoka, Kawehi K. Hurley Anama, aka
Kawehikulani Sheanoah Anama, Jared W. Law, aka Jared Wayne Kalani
Law, Jonathan K. Law, aka Jonathan Legrande Kimo Law, Erin P. Law
Perez, aka Erin Pualani Perez, Jaime M. Law Magalogo, aka Jaime
Lee Napua Magalogo, and Jenna M. Law, aka Jenna Meghan Pi'ilehua
Bright (the Appellants), and (3) the record, it appears that we
lack appellate jurisdiction over the Appellants' appeal from the
Honorable Kathleen N.A. Watanabe's

- December 14, 2017 interlocutory order adopting a
  commissioner's report and directing partition in
  kind of certain real property, and

- March 12, 2018 order denying the Appellants'
  motion for reconsideration of the December 14,
  2017 interlocutory order,

because the circuit court has not yet reduced these and other dispositive partition rulings to an appealable final judgment on John Fernandes-Salling's cross-claim to quiet title to the subject property in Civil No. 15-1-0010.

Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. Duvauchelle, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted). On June 12, 2018, the circuit court clerk filed the record on appeal for appellate court case number CAAP-18-0000331, which does not include an appealable final judgment that resolves John Fernandes-Salling's cross-claim to quiet title to the subject property, which is the cause of action at issue in the ongoing partition proceeding that resulted in the December 14, 2017 interlocutory order and the March 12, 2018 interlocutory order.

Exceptions to the final judgment requirement exist under the doctrine in <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848) (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Appellant contends that the <u>Forgay</u> exception applies in this case.

The Supreme Court of Hawaiʻi has explained that "an order appointing a commissioner and directing a partition sale (e.g., a partition decree) is an interlocutory order that is not appealable unless allowed by the trial judge." <u>Lambert v. Teisina</u>, 131 Hawaiʻi 457, 462 n.11, 319 P.3d 376, 381 n.11 (2014) (citation omitted). We further note that, under circumstances that were distinguishable from the instant case, the <u>Lambert</u> court applied "the <u>Forgay</u> doctrine to an order confirming a partitions sale and directing distribution of the sale proceeds[.]" <u>Id.</u> at 462, 319 P.3d at 381.

> Here, the October 25, 2012 Confirmation Order meets the requirements of appealability under the Forgay doctrine. Although the October 25, 2012 Confirmation Order does not command the immediate execution of the property to Trustee Lambert, <u>the order confirms the sale</u> to Trustee Lambert, <u>directs the commissioner to convey</u> the property to Trustee Lambert, and <u>orders the Teisinas to surrender the property within 30 days of the conveyance</u>. The Confirmation Order effectively terminates the Teisinas' rights to the property and they will suffer irreparable injury if appellate review is postponed until final judgment.

<u>Id.</u> (emphases added). In contrast to the interlocutory partition order that was at issue in <u>Lambert</u>, the December 14, 2017 interlocutory order and the March 12, 2018 interlocutory order in the instant case

- <u>do not</u> confirm the sale of the subject property (which might, or might not, take place at some time in the future), but, instead, they authorize the future sale of the subject property that might take place at some unspecified date in the future,

-4-

- <u>do not</u> direct the immediate distribution of sale proceeds (which might, or might not, take place in the future if the circuit court confirms the future sale at some time in the future), and

- <u>do not</u> direct the Appellants to surrender their interests in the subject property immediately, much less within any expressly specified time period (which might, or might not, take place in the future).

The December 14, 2017 interlocutory order and the March 12, 2018 interlocutory order are distinguishable from the appealed order in <u>Lambert</u> that confirmed a partition sale, directed distribution of the sale proceeds, and expressly directed the appellants to surrender their property specifically within thirty days of the conveyance.  The December 14, 2017 interlocutory order and the March 12, 2018 interlocutory order fail to satisfy the two requirements for appealability under the <u>Forgay</u> doctrine, because they do not (1) require immediate execution of a command that property be delivered to the Appellants' adversary, and (2) the Appellants would not be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation. <u>See</u> <u>Ciesla</u>, 78 Hawai'i at 20, 889 P.2d at 704.  Therefore, the December 14, 2017 interlocutory order and the March 12, 2018 interlocutory order are not appealable under the <u>Forgay</u> doctrine. Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-18-0000331.

The Supreme Court of Hawai'i recently held that, when the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, the Hawai'i Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties.

-5-

Waikiki v. Hoʻomaka Village Association of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017).  However, the holding in Waikiki is distinguishable from the instant case, because the circuit court in the instant case has not yet finally determined, and, thus, ended the partition proceedings for the John Fernandes-Salling's cross-claim to quiet title to the subject property, which is still pending before the circuit court.  Where, as here, the record on appeal does not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable final judgment on all claims is neither warranted nor authorized under HRS § 602-57(3) and the holding in Waikiki.  In the absence of an appealable final judgment as to all claims and parties, the Appellants' appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that John Fernandes-Salling's June 22, 2018 motion to dismiss this appeal is granted, and appellate court case number CAAP-18-0000331 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, **October 4, 2018.**

Presiding Judge

Associate Judge

Associate Judge